```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :     CRIMINAL ACTION
                              :     NO. 96-539-2
          v.                  :
                              :     CIVIL ACTION
TERRENCE GIBBS                :     NO. 07-2397
```

MEMORANDUM

Bartle, C.J.                                          June 29, 2007

      Before the court is the pro se motion of Terrence Gibbs ("Gibbs") seeking relief from judgment pursuant to Rule 60(b)(4) and (b)(6) of the Federal Rules of Civil Procedure.

I.

      Gibbs and sixteen other defendants were indicted for various crimes associated with their membership in a violent drug organization. On May 12, 1997, a jury found Gibbs guilty of conspiracy to distribute cocaine, bribery of a public official, operating a continuing criminal enterprise, use of a telephone to facilitate a drug felony, and money laundering conspiracy. He was sentenced to life in prison on the conspiracy count, 15 years on the bribery count, 4 years for each of the 15 telephone counts, and 20 years for both money laundering conspiracy counts. His conviction and sentence were upheld by our Court of Appeals, see United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999), and the Supreme Court denied certiorari. Gibbs v. United States, 528 U.S. 1131 (2000).

Gibbs timely filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion sought retroactive application of the then-recent decision of the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), and raised numerous claims under Strickland v. Washington, 466 U.S. 668 (1984). We rejected Gibbs' arguments under Apprendi and Strickland and denied the motion. See United States v. Gibbs, 125 F. Supp. 2d 700 (E.D. Pa. 2000). The Court of Appeals affirmed. United States v. Gibbs, 77 Fed. Appx. 107 (3d Cir. 2003). The Supreme Court denied certiorari. Gibbs v. United States, 540 U.S. 1210 (2004).

Gibbs now seeks relief under Rule 60(b)(4) and (b)(6)[1] from our Memorandum and Order of December 19, 2000 denying his motion under 28 U.S.C. § 2255. Gibbs, 125 F. Supp. 2d 700. He maintains that he is entitled to relief because he alleges that we did not "rule on the merits of [his] claim ... that an essential element of the offense, drug quantity, was not charged in the indictment" and that, therefore, the jury could not have found all the essential elements of the crime. Gibbs also argues that his Fifth and Sixth Amendment rights were violated because the government failed to charge the drug quantity in the indictment.

---

1. Rule 60(b) provides, in relevant part:  "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

II.

Congress has enacted a procedure a federal prisoner must follow before filing a second or successive motion collaterally attacking his conviction and/or sentence.  See 28 U.S.C. §§ 2244, 2253, 2255.  A prisoner must obtain authorization from the appropriate court of appeals to proceed with a second or successive motion before a district court can entertain it.  In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); 28 U.S.C. §§ 2255 ¶ 8, 2244(b)(3).  The court of appeals may grant authorization only when the motion raises "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2255 ¶ 8.  Otherwise, a second or successive motion must be dismissed.  Unless and until the court of appeals grants the petitioner permission, the district court is without jurisdiction to decide the motion.  Id.; see also United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007).

Because of the high hurdle imposed by Congress, some petitioners have attempted to escape the limitation by filing under various other labels what is in reality a second or successive motion under § 2255.  Our Court of Appeals has joined several others in finding that the substance of a motion,

regardless of its label, determines how the courts must treat it, including whether or not the limitations on second and successive habeas motions apply. See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); Carraway, 478 F.3d at 849.

A motion under § 2255 challenges the legal validity of the prisoner's confinement, if his sentence was imposed in "violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. On the other hand, a motion properly made pursuant to Rule 60(b) attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction." Pridgen, 380 F.3d at 727. A Rule 60(b) motion is not a second or successive § 2255 motion if it does not challenge "the substance of the federal court's [prior] resolution of a claim on the merits, but [rather] some defect in the integrity of the federal habeas proceedings." Gonzales v. Crosby, 545 U.S. 524, 532 (2005). To the extent a Rule 60(b) motion seeks "a second chance to have the merits determined favorably," however, it must be recharacterized as a motion under § 2255. Id. at 532 n.5.

### III.

We must first determine whether the motion before us is substantively a second and successive motion under § 2255. See Pridgen, 380 F.3d at 727. If we characterize the motion as such, it is subject to the requirements pertaining to second or

successive motions under § 2255 and we lack jurisdiction to decide it until Gibbs obtains the proper authorization from our Court of Appeals.  28 U.S.C. §§ 2255 ¶ 8, 2244.

As noted above, Gibbs argues that the prior habeas judgment is void because in rejecting his argument for relief under Apprendi, he asserts that we did not rule on the merits of his "separate and distinct claim" that "an essential element of the offense, drug quantity, was not charged in the indictment" in violation of the Fifth and Sixth Amendments.  We interpret Gibbs' motion to argue that he is entitled to relief under Apprendi and our failure to state explicitly in our prior opinion that we rejected the drug quantity prong of his argument somehow voids the judgment.  This is precisely the sort of claim properly raised in a motion made under § 2255.  It seeks "a second chance" to have the merits of his Apprendi argument "determined favorably."  Id. at 532; see also Pridgen, 380 F.3d at 727. Furthermore, in challenging the sufficiency of the indictment, Gibbs is attacking the constitutionality of his underlying conviction.  Such an argument is properly raised before or during trial with an objection under Rule 12 of the Federal Rules of Criminal Procedure, on direct appeal, and/or in a motion pursuant to § 2255 collaterally attacking his conviction and sentence.

In sum, Gibbs' motion is properly characterized as one for relief under § 2255.  As he has previously brought such a motion, Gibbs must seek and obtain permission from our Court of Appeals to file the instant motion.  Accordingly, we will dismiss

Gibbs' present motion without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 96-539-2 |
| v. | : | |
| | : | CIVIL ACTION |
| TERRENCE GIBBS | : | NO. 07-2397 |

## ORDER

AND NOW, this 29th day of June, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Terrence Gibbs pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

```
                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                  C.J.
```